UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

    Plaintiff,

v.                                             CASE NO: 8:09-cv-713-T-26EAJ

HILLSBOROUGH COUNTY, FLORIDA,

    Defendant.
                                      /

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Amended Complaint with Prejudice (Dkt. 16) and Plaintiff's Response (Dkt. 20). After careful consideration of the motion, the response, and the past history of this case, the Court concludes that the motion should be granted.

**PRIOR HISTORY AND PERTINENT FACTS**

This removed action stems from facts asserted in a prior lawsuit brought in this District by Plaintiff Elias "Lou" Abusaid, Jr, on May 13, 2003 (<u>Abusaid I</u>).[1] It is necessary to review the facts and rulings of the prior case in <u>Abusaid I</u> in order to fully set

---

[1]  See <u>Abusaid v. Hillsborough County Board of County Commissioners, et al.</u>, No. 8:03-cv-904-T-23TBM.

forth the posture of the present action.[2] The present case was commenced in state court on September 4, 2008.[3] Plaintiff sued Hillsborough County, Florida, as the sole Defendant, for inverse condemnation, alleging a taking associated with the enforcement of a now invalid rave/dance hall ordinance of the County, Ordinance No. 99-21.[4]

The facts surrounding the inverse condemnation claim are set forth in an order entered by United States Magistrate Judge Thomas B. McCoun, III, in Abusaid I on September 6, 2007.[5] The crux of the inverse condemnation action is the County's alleged unjust taking of Plaintiff's leased property on which he operated the "AV-02 Bottle Club" for incidents which occurred in 2000. Specifically, Plaintiff was arrested four times - June 3, 9, 10 and 17, 2000 - for violations of the now unconstitutional rave/dance hall ordinance.[6] After each arrest, Plaintiff posted bond.[7] Although the County was

---

[2] The dismissal of an earlier version of the complaint in Abusaid I was reversed and remanded by the Eleventh Circuit in Abusaid v. Hillsborough County Board of County Commissioners, 405 F.3d 1298 (11th Cir. 2005).

[3] See docket 1, Exh. 1.

[4] See docket 1, Exh. 1.

[5] In Abusaid I, the parties consented to trial by the United States Magistrate Judge. See docket 82 in 8:03-cv-904-T-23TBM.

[6] The June 3 arrest, however, included additional charges. Despite that it was also based on the charge of felon in possession of a firearm, the formal charges and convictions that followed apparently included only operating a rave or dance hall without a permit and selling alcoholic beverages without a license. See order of Sept. 6, 2007 at docket 104, p. 5 n. 5 in 8:03-cv-904-T-23TBM.

[7] The June 17 charge was dismissed on July 31, 2000. See docket 104, p. 5 in 8:03-cv-904-T-23TBM.

unsuccessful in its attempts to revoke Plaintiff's pretrial release and to shut down the bottle club, Plaintiff was finally evicted from the leased premises on June 27, 2000. Plaintiff was convicted after jury trials and sentenced on September 25, 2000, on three of the cases stemming from his arrests on June 3rd, 9th, and 10th.[8] The September 6th order in Abusaid I declared the rave/dance hall ordinance of Hillsborough County, Ordinance No. 99-21 §§ 4(a), 5(b) (1999), unconstitutional as an impermissible prior restraint.

Plaintiff filed the present action in state court presumably to comply with the September 6th order which dismissed a "takings" claim under the Fifth Amendment as premature based on ripeness. That order relied on authority requiring that a property owner must both (1) obtain a final judgment regarding the application of the ordinance and regulations to his property and (2) utilize state procedures, in this case inverse condemnation, before filing a claim under the Fifth Amendment takings clause.[9] Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 194-95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); Tari v. Collier County, 56 F.3d 1533, 1537 n.12 (11th Cir. 1995). Plaintiff realleged all of the facts alleged in Abusaid I and alleged the additional fact that the ordinance was declared unconstitutional and that thereafter

---

[8] See docket 104, p. 5 in 8:03-cv-904-T-23TBM. Plaintiff was also arrested and sentenced after September 2000, and claimed in the prior lawsuit that he could no longer earn an income by mid-2001.

[9] See docket 104, p. 21, in 8:03-cv-904-T-23TBM.

each and every one of his convictions for violating the ordinance was vacated pursuant to Florida Criminal Rule of Procedure 3.850 on October 30, 2007.[10]

Before this action was removed, the state court judge granted the County's motion to dismiss the complaint because Plaintiff was merely a tenant and not a property owner, thereby prohibiting relief under the Bert Harris Act. See Fla. Stat § 70.001(3)(f).[11] Plaintiff filed an amended complaint asserting for the first time violations of his civil rights pursuant to 42 U.S.C. § 1983 and state common law claims of intentional infliction of emotional distress, inverse condemnation, and trespass to real property. The violation of civil rights claims in count I is based on the Fifth Amendment's taking clause and in count II on false imprisonment for the time he was detained in 2000. The County removed the amended complaint to this Court based on the newly-added section 1983 claims.[12] The motion to dismiss the amended complaint is now before this Court.

**ANALYSIS**

*Section 1983 Taking Claim*

The County argues that the section 1983 takings claim is time-barred based on Florida's four-year statute of limitations for section 1983 claims, citing Daugherty v. Sarasota County, Fla., 157 F.R.D. 542 (M.D. Fla. 1994). Because the County last

---

[10] See docket 15 at para. 19.

[11] The state court judge further found that the lawsuit was time-barred under the Bert Harris Act.

[12] See docket 1.

enforced the ordinance against Plaintiff in 2000, it contends that the claim for relief accrued in 2000 "when state authorities ma[d]e a final determination on the status of the subject property affected by the ordinance." Corn v. City of Lauderdale Lakes, 904 F.2d 585, 588 (11th Cir. 1990). Plaintiff responds that his section 1983 claim did not accrue until October 2007 when his convictions were reversed. Plaintiff cites cases involving unconstitutional arrests and convictions.

It is clear from the allegations of count I of the amended complaint that Plaintiff alleges a section 1983 claim for unjust compensation in the form of paid rent, taxes, and the loss of the economic use of the business. In the September 6th order of Abusaid I, Plaintiff's Fifth Amendment claim for just compensation was found unripe based on the failure to meet the second prong of the two-step test for seeking section 1983 relief under the Fifth Amendment's takings clause.[13] See Williamson County, 473 U.S. at 186, 194-95 (stating two requirements for ripeness of federal taking claim). In Abusaid I, the court noted that Plaintiff had failed to show that he had sought relief through an inverse condemnation claim in state court, which is the second prerequisite for seeking relief under the federal takings clause. There was no discussion of the first prong in the order. Thus, the ripeness issue was decided on Plaintiff's failure to show that he had utilized the available state court procedure.

---

[13] See docket 104, p. 21 in 8:03-cv-904-T-23TBM.

A just compensation claim under section 1983 accrues on the date that both "the state judicial authorities [] make a final determination on the status of the subject property" and "the property owner [is] denied an adequate postdeprivation remedy." New Port Largo, Inc. v. Monroe County, 985 F.2d 1488, 1493 (11th Cir. 1993)[14] (citing Corn).[15] In Corn, the federal regulatory taking claim did not accrue until the state proceedings on the propriety of the zoning regulation had been finally determined. Corn, 904 F.2d at 587. Such finality did not occur until years later when the state appellate court rendered its decision on the propriety of the city's denial of the plaintiff's preliminary site plans, which decision also included a finding that the ordinance at issue there was invalid. Id. In Daugherty, on the other hand, the action for regulatory taking under section 1983 accrued on the date the county took final action changing the status of the plaintiff's property through the passage of a zoning regulation banning borrow pits excavation on plaintiff's property. Daugherty, 157 F.R.D. at 547. Regardless of any nuances that can be read into what constitutes finality of the state proceedings under present case law, the last date of any County involvement in the application of the rave/dance hall ordinance to Plaintiff's bottle club occurred no later than 2000.

---

[14] This case does not involve whether an initial or a final decision was made by the initial decision maker, the County, and therefore does not require reconciliation of the matters pointed out in the concurring opinion of Judge Tjoflat.

[15] See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla., 980 F.Supp. 1455, 1461-62 (M.D. Fla. 1997) (citing Corn); Patrick Media Group, Inc. v. City of Clearwater, 836 F.Supp. 833, 837 (M.D. Fla. 1993) (citing Corn).

The fact that Plaintiff was litigating the validity of the ordinance in Abusaid I in this District does not forgive his failure to file an inverse condemnation action in state court. The statute of limitations for an inverse condemnation case under Florida law is generally four years under the residual provision of Chapter 95, Florida Statutes. See Fla. Stat., § 95.11(3)(p); Collins v. Monroe County, 999 So.2d 709, 712 n. 7 (Fla.Dist.Ct.App. 2008).[16] The time to file a claim for inverse condemnation would have occurred some time in 2004. Hence, the statute of limitations has necessarily run on the federal regulatory taking claim because Plaintiff did not timely seek redress under the second prong of the Williamson County test. Accordingly, count I is dismissed with prejudice.

### *Section 1983 False Imprisonment Claim*

As noted by the County, a section 1983 claim based on false imprisonment for unlawful detention after arrest accrues when the Plaintiff's detention starts. See Wallace v. Kato, 549 U.S. 384, 397, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff responds that his section 1983 claim is not time-barred under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because the claim did not accrue until his state court convictions were overturned through state postconviction relief, which

---

[16] Both facial and as-applied takings challenges exist, and while the action accrues for a facial claim on the enactment of the ordinance, the as-applied action accrues when the final decision by the state entity applying the ordinance to the specific property at issue is rendered. See Collins, 999 So.2d at 713, 717.

occurred in October 2007. A thorough reading of Wallace, however, leads to the conclusion that Plaintiff's section 1983 claim for false imprisonment is time-barred.

Wallace brought a section 1983 action against the police alleging his unlawful arrest and detention during which he was interrogated and confessed. Wallace was arrested, taken before a magistrate judge, and held until trial. After he was convicted at trial, the appellate court reversed his conviction. The prosecution then dropped the charges and Wallace was never retried or convicted again. The Supreme Court reasoned by analogy that the tort of false imprisonment's limitations period applied to determine the accrual of the section 1983 cause of action based on false imprisonment. The tort of false imprisonment at common law redressed situations in which the claimant was detained *without legal process*. Because the false imprisonment "ends once the victim becomes held *pursuant to such process*—"[17] such as when the victim is brought before a magistrate, the cause of action accrues at the point in time at which the victim receives legal process.[18] The Supreme Court held that the statute of limitations began to run at the time Wallace was taken before a magistrate and held for trial. The Supreme Court further addressed Heck and held that it would not apply to toll the limitations period under the circumstances that are also present in the instant case— when the defendant fails to

---

[17] Wallace, 549 U.S. at 389, 127 S.Ct. at 1096.

[18] See Burgest v. McAfee, 264 Fed.Appx. 850 (11th Cir. 2008) (unpublished opinion) (following Wallace).

-8-

timely file a section 1983 action within the limitation period following the time at which the defendant was "detained pursuant to legal process."

In the present case, Plaintiff did not file his section 1983 claim when that cause of action accrued— at the time he was brought before a judge in June 2000 when he would have attended his first appearances. The statute of limitations in Florida is four years for the tort of false imprisonment. Fla. Stat. § 95.11(3)(o); Burgest v. McAfee, 264 Fed.Appx. 850, 853 (11th Cir. 2008) (unpublished opinion). Plaintiff did not file his amended complaint alleging his section 1983 claim until 2009, which is at least four years beyond the running of the statute of limitations in June 2004. Consequently, the Court grants the County's motion to dismiss count II with prejudice based on the statute of limitations defense.

*Remaining State Law Claims*

Federal law permits, and even encourages, district courts to refrain from ruling on purely matters of state law under its supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Having dismissed with prejudice all federal claims, this Court therefore declines to exercise its supplemental jurisdiction over the remaining state claims. See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (holding that decision to exercise supplemental jurisdiction over pendant state claims lies within the discretion of district court and urges dismissal of state claims when federal claims have been dismissed prior to trial). Where the Court declines to exercise supplemental jurisdiction, the state claims should be dismissed without prejudice so they can be refiled in the

appropriate state court.  See Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999). Accordingly, in the interest of judicial economy and convenience, the remaining three state law counts of intentional infliction of emotional distress, inverse condemnation, and trespass to real property are hereby dismissed.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Dismiss Amended Complaint with Prejudice (Dkt. 16) is **GRANTED** with respect to the counts I and II, the two federal claims.

(2) Defendant's Motion to Dismiss Amended Complaint with Prejudice (Dkt. 16) is **GRANTED** to the extent that the remaining state claims are dismissed.  Such dismissal is without prejudice to refiling in state court.

(3) The Clerk is directed to enter judgment for Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 1, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, pro se